## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**September 1, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

MICKEY A. BROWN,          )

     Petitioner/Appellant,    )

)     Appeal No.
)     01-A-01-9808-CH-00437

VS.                   )

)     Davidson Chancery
)     No. 97-2957-III

TENNESSEE DEPARTMENT OF   )
CORRECTION,          )

)

     Respondent/Appellee.   )


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR



MICKEY A. BROWN
#130138
Northeast Correctional Center
P. O. Box 5000
Mountain City, Tennessee 37683
     Pro Se/Petitioner/Appellant

PAUL G. SUMMERS
Attorney General and Reporter

MICHAEL L. HAYNIE
Assistant Attorney General
425 Fifth Avenue North
Nashville, Tennessee 37243-0488
     Attorney for Respondent/Appellee



AFFIRMED AND REMANDED



BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

A Tennessee prison inmate filed a Petition for a Declaratory Judgment, insisting that he was entitled to be immediately released because of the earlier expiration of a concurrent Florida sentence. The trial court dismissed the petition for failure to state a claim. We affirm.

## I.

Mickey Brown was serving a 30-year sentence in a Florida prison. In 1985, he was extradited to Tennessee to face charges related to an incident that had occurred in 1979 (the record does not reveal whether he was on parole at the time of the 1979 offense). Pursuant to a plea agreement, he pled guilty to assault with intent to commit murder, and was sentenced to twenty years in prison, with the sentence to be served concurrently with his Florida sentence.

The Tennessee sentence was ordered to begin on the day he signed the plea agreement, July 26, 1985. Mr. Brown was returned to Florida to continue serving both sentences. When the Florida sentence expired on December 3, 1991, Mr. Brown was returned to Tennessee to serve out the remainder of his twenty year sentence.

On September 3, 1997, Mr. Brown petitioned the Department of Correction for a declaratory order, asking to be released from custody. He argued that it was a violation of his plea agreement for Tennessee to imprison him after he had completed his Florida sentence. The petition was denied.

He then filed a Petition for Declaratory Judgment in the Chancery Court of Davidson County, pursuant to Tenn. Code Ann. § 4-5-225. The court found his

arguments to be without merit, and on May 26, 1998, it dismissed the petition for failure to state a claim upon which relief can be granted. This appeal followed.

**II.**

Mr. Brown has raised only one issue on appeal: whether his 20-year Tennessee sentence automatically expired on December 3, 1991, when his 30-year Florida sentence expired. Though he divides this issue into three sub-issues, Mr. Brown's entire argument hangs on the slender thread of a definition of "concurrent sentences" that is found in both the Fifth and Sixth Editions of *Black's Law Dictionary* (1979 and 1990 respectively) as follows:

> "Two or more terms of imprisonment, all or part of each term is served simultaneously and the prisoner is entitled to discharge at the expiration of the longest term specified."

*Black's Law Dictionary* is a valuable tool for understanding the law, and is frequently cited by our courts. A computer search done in preparation for writing this opinion turned up 211 published Tennessee cases in which the phrase "*Black's Law Dictionary*" appears.

However the definitions found in that work are not binding on the courts. In this case it appears to us that the editors of the above-mentioned editions of *Black's* have gone beyond the generally accepted definition of concurrent sentences, which is found in other scholarly works. For instance, in *Ballentine's Law Dictionary* (3rd Ed. 1969) such sentences are defined simply as "sentences of imprisonment for crime in which the time of each is to run concurrently with the others, and not seriatim." *See also Words and Phrases* (1983), *A Dictionary of Modern Legal Usage* (2d Ed. 1995).

The definition Mr. Brown relies upon refers us to the case of *Lillemoe v. Tahash*, 159 N.W.2d 99 (Minn. 1968).[1]  Interestingly, the *Lillimoe* case did not involve concurrent sentencing at all, as Mr. Lillemoe's two five-year terms were to be served consecutively.   However, in the context of a discussion of the difference between consecutive sentencing (in which one sentence begins when another ends) and concurrent sentencing, the court did state that in concurrent sentencing, the sentence expires at the termination of the longer of two terms, 159 N.W.2d at 102.  We regard this statement as pure dicta, since it was not relevant to the issues before the court.

We do not deny that when two concurrent sentences of different lengths begin at the same time, and are served under the same sentence calculation scheme, release can be reliably expected to occur upon the expiration of the longer sentence. But when two such sentences begin at different times, the result can be different.  We note, however, that in almost all cases the prisoner will receive a distinct advantage from serving his sentences concurrently rather than consecutively, even when the sentences do not begin at the same time.

The appellee has directed our attention to a Colorado case that nicely summarizes the commonly understood meaning of concurrent sentences:

> "When two sentences run concurrently, it merely means that, for each day in custody while serving both sentences, the inmate receives credit toward each sentence. Concurrent sentences do no necessarily begin and end at the same time -- they simply run together during the time they overlap."

*Bullard v. Department of Corrections*, 949 P.2d 999, 1002 (Colo. 1997).

---

[1]A cite for the case of *United States v. Montemayor*, 703 F.2d 109 (5th Circuit 1983) also accompanies the definition Mr. Brown relies upon, but nothing in that case is relevant to the question of the expiration of concurrent sentences.

In the *Bullard* case, the court also noted that the termination of the first sentence has no effect on the unserved part of the second sentence. 949 P.2d at 1003. We believe that this is the correct interpretation.

**III.**

The judgment of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE