IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2003

## STATE OF TENNESSEE v. BRIAN WEBB

**Direct Appeal from the Circuit Courts of Cocke and Jefferson Counties**
**Cocke County Nos. 7987 & 7988      Ben W. Hooper, II, Judge**
**Jefferson County Nos. 6914 & 6915**

---

### No. E2002-02470-CCA-R3-CD
### May 27, 2003

---

The State appeals the ruling of the Cocke County Circuit Court amending its judgments pertaining to the sentencing of Defendant, Brian Webb, pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure.  Under the terms of a plea agreement involving Defendant's four theft convictions in Cocke and Jefferson counties, the trial court sentenced Defendant on January 8, 2001 to an effective three-year sentence to be served concurrently with Defendant's federal sentence of twenty-four months arising out of the same incident.  The trial court's judgment was entered on January 30, 2001 following Defendant's incarceration in federal prison on January 29, 2001.  On August 22, 2002, Defendant filed a motion to correct a mistake in the trial court's judgment.  After a brief hearing, the trial court granted Defendant's motion and ordered that Defendant's state sentences be modified to time served and the balance served on probation to reflect the trial court's understanding at the time of sentencing that Defendant's sentences would run "coterminous" rather than "concurrently" with his federal sentence.  The State argues that the record in this matter does not contain any clerical errors, and the trial court was without jurisdiction to modify Defendant's sentence.  After a careful review of this matter, we reverse the judgment of the trial court, and this case is remanded for reinstatement of the judgments of conviction as originally entered.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Trial Court Reversed and Remanded

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; and Ronald C. Newcomb, Assistant District Attorney General, for the appellant, State of Tennessee.

Susanna Laws Thomas, Newport, Tennessee (on appeal) and William M. Leibrock, Newport, Tennessee (at trial) and Tim Moore, Newport, Tennessee (at trial) for the appellee, Brian Webb.

**OPINION**

In 1999, Defendant was indicted for the following offenses, all arising out of the same incident. Defendant was indicted in Cocke County for one count of theft of property of more than $1,000 but less than $10,000, a Class D felony, and one count of theft of property of more than $10,000 but less than $60,000, a Class C felony. In Jefferson County, Defendant was indicted for possession of a vehicle with an altered vehicle identification number, a Class C misdemeanor, and theft of property of more than $10,000 but less than $60,000, a Class C felony. Finally, Defendant was indicted in federal district court for one count of trafficking in motor vehicles bearing altered vehicle identification numbers and one count of concealing stolen goods which had crossed state lines.

Defendant waived venue in Jefferson County, and, on May 8, 2000, Defendant pled guilty to the cases from both counties in the Cocke County Circuit Court. The plea agreement recommended that Defendant receive a thirty-day sentence for the Class C misdemeanor, a two-year sentence for the Class D felony and a three-year sentence for each Class C felony. Under the terms of the plea agreement, the sentences would be served concurrently with each other and with the federal sentences which had not yet been determined. Defendant's sentencing on the state convictions was delayed until Defendant's sentencing in federal court was completed.

After receiving a twenty-four month effective sentence on his federal charges, Defendant returned to state court on January 8, 2001 for a sentencing hearing. At this time, the trial court accepted Defendant's plea of guilty, and the trial court ordered all of Defendant's sentences to run concurrently with each other and with the federal sentences. Defendant's counsel summed up the plea agreement for the trial court. "It boils down to a net three year sentence in the State to be served concurrently with the twenty-four months in Federal." The entry of the trial court's judgments of conviction, however, were delayed until January 30, 2001 following the commencement of Defendant's federal sentence on January 29, 2001. Judge John Byers, sitting by interchange, accepted Defendant's plea of guilty, and Judge Ben Hooper II presided over Defendant's sentencing hearing and the hearing on Defendant's Rule 36 motion.

As the expiration date of Defendant's federal sentence approached, Defendant first filed a motion to reduce sentence on March 21, 2002 pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. In his motion, Defendant requested the trial court to modify his state sentence to run "coterminous" with his federal sentence. On August 22, 2002, Defendant also filed a motion to correct a clerical mistake pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure in which he sought essentially the same relief. That is, Defendant requested the trial court to correct its judgment of conviction to properly reflect the trial court's understanding that Defendant's state and federal effective sentences should run coterminous.

Prior to filing his own Rule 35 and Rule 36 motions, Defendant's brother, Bradley Webb, filed a similar Rule 35 pro se motion requesting that the Cocke County Court modify his sentences to run "co-terminus" to his federal sentences. Brad Webb was convicted of various charges of theft

in connection with the same incidents that gave rise to Defendant's convictions, and the Cocke County Circuit Court sentenced both Defendant and Brad Webb at the same sentencing hearing. Like Defendant, the trial court ordered Brad Webb's state sentences to run concurrently with his federal sentence for an effective sentence of six years at the same time it sentenced Defendant. *State v. Bradley Ryan Webb*, 2003 WL 535913, No. E2002-01375-CCA-R3-CD (Tenn. Crim. App., Knoxville, February 26, 2003).

Defendant does not define the term "coterminous" as it applies to his sentencing. However, in a general sense, "coterminous" means that which has the same extent, range or scope. *Webster's College Dictionary*, 308 (1991). For purposes of his Rule 35 motion, Brad Webb defined "coterminous" as "'when he did that federal time he was supposed to get out of jail.'" *State v. Bradley Ryan Webb*, 2003 WL 53513 at *3. In any event, it appears from the record that Defendant believes that the trial court intended to limit Defendant's total period of incarceration for both state and federal charges to the amount of time Defendant spent in federal custody. If so, this interpretation is not consistent with the generally accepted definition of concurrent sentencing. If two sentences of varying lengths commence at the same time, the defendant's release generally comes upon the expiration of the longer sentence. *Brown v. Tennessee Dept. of Correction*, 11 S.W.3d 911, 913 (Tenn. Crim. App. 1999). In other words, "termination of the first sentence has no effect on the unreserved part of the second sentence." *Id.* (citing *Bullard v. Department of Corrections*, 949 P.2d 999, 1022 (Colo. 1997).

The record does not show whether the trial court acted on Defendant's Rule 35 motion for modification of sentence. We agree with the State, however, that the trial court was without jurisdiction to entertain Defendant's motion because it was filed more than a year after Defendant's sentence was imposed. Tenn. R. Crim. P. 35 (A motion to reduce a defendant's sentence must be filed within 120 days after the date the sentence is imposed.)

In his brief, Defendant argues that his appeal is not based on Rule 35 because he is not seeking a modification of his sentence. Instead, Defendant argues that the trial court properly amended its judgments pursuant to Rule 36 because the original judgments incorrectly reflect the parties' true intent that Defendant's state and federal sentences should be served "coterminous," not concurrently.

During a brief hearing on the motion, the trial court said that it recollected that both the State and defense counsel were attempting to handle Defendant's sentences so that "the state time would not get put down before the federal time." Based on a reading of the transcripts of the sentencing and plea hearings, the trial court concluded that it was "satisfied that it was the intent to make [the state] time be coterminous" with the federal sentence. Accordingly, the trial court found as follows:

      1. The Court has jurisdiction over this matter pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure.

2. The defendant had an effective sentence of three years, and has accumulated substantial credit towards that sentence. The Court relies on the T.O.M.I.S. offender report generated by the Tennessee Department of Correction in finding that he is well beyond his release eligibility date.

3. The Court is aware that the Tennessee Board of Paroles has conducted foreign jurisdiction hearings in this matter and this year, in the absence of the defendant and has not granted parole.

4. The Court finds that the defendant is in federal custody with a release date of October 12, 2002 and is currently under detainer from the State of Tennessee for the sentences referenced above. The active detainer has adversely affected his security level, causing him to be removed from the camp and placed in a federal correctional facility, and further, will prevent his placement in a halfway house by the federal system.

5. The Court specifically makes note of the State's objection to any alteration in the terms of the plea agreement, but finds that the circumstances of this particular matter, it is appropriate to amend his state sentences from Cocke and Jefferson Counties, enumerated above, to run co-terminus [sic] with his federal sentence, and the detainer removed.

Based on these findings, the trial court ordered that Defendant's state sentences be "modified to time served and the balance served on supervised probation." In addition, the State was ordered to take whatever steps were necessary to withdraw the detainer previously issued by the State in accordance with Tennessee Code Annotated sections 40-31-101 through 108.

In its appeal, the State argues that the original judgments, the parties' plea agreement and the transcript of the guilty plea submission hearing correctly reflect the intention of the trial court that Defendant's state and federal sentences should be served concurrently. Therefore, the State contends that there are no clerical errors to correct, and the trial court is without jurisdiction to modify Defendant's sentence to time served and probation. Based on the wording of the trial court's order granting Defendant's Rule 36 motion, the State argues that it is clear that the trial court is attempting to modify, not correct, Defendant's sentence.

"As a general rule, a trial court's judgment, including a sentencing order, becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed." *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). Once the thirty-day period is over, the trial court generally does not have the authority to amend its judgment. *Id.* (citing *State v. Moore*, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991)). Once a defendant is transferred to the custody of the Department of Correction, the trial court loses jurisdiction over the defendant's sentence. Tenn. Code Ann. § 40-35-212(d); *State v. Bowling*, 958 S.W.2d 362, 363 (Tenn. Crim. App. 1997).

A trial court, however, has the limited ability to amend a final judgment of sentencing under either Rule 35, if a timely application is filed by the defendant, or Rule 36 of the Tennessee Rules of Criminal Procedure. A sentence may be modified under Rule 35 if a reduction in the defendant's sentence is "in the interest of justice", but modifications under Rule 35 should be limited to circumstances where unforseen post-sentencing developments require a modification to serve the interests of justice. *State v. Hodges*, 815 S.W.2d 151, 154 (Tenn. 1991); *State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994). The trial court also has the limited ability to amend its judgment at any time to correct clerical mistakes "arising from oversight or omission." Tenn. R. Crim. P. 36; *Pendergrass*, 937 S.W.2d at 837.

In determining whether there has been a clerical error, this Court has previously held that the record must show that either a portion of the trial court's order was omitted or the judgment was erroneously entered. *State v. Thomas*, No. 03C01-9504-CR-00109, 1995 Tenn. Crim. App. LEXIS 917, at *3-4 (Tenn. Crim. App., Knoxville, Nov. 15, 1995). In *Thomas*, we noted that "[t]he most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final." *Id.*

Our review of the record does not reveal the presence of any clerical errors in the trial court's original judgment. The transcripts of the guilty plea submission hearing and the sentencing hearing, the plea agreement executed by Defendant, and the trial court's judgments all reference the intent to require Defendant to serve concurrent, not "coterminous" state and federal sentences. At the sentencing hearing, the trial court sentenced Defendant as follows:

Trial Court:　　Okay. Mr. Webb, in Case #7987 I sentence you to two years, Tennessee Department of Corrections [sic]. That sentence will run concurrently with #6914 and #6915 in Jefferson County and with #7988 of Cocke County and with the Federal Case 2:00-CR-47. Restitution is ordered. The execution of this sentence and the entry of the Judgment will be deferred until January the 30th, 2001. And then Case #7988 . . .

Prosecutor:　　It's a three year sentence, Your Honor, and the same terms.

Trial Court:　　. . . the Court imposes that same identical sentence except its three years instead of two. And that concludes this matter.

Although the basis for granting a Rule 35 as opposed to a Rule 36 motion rests upon different grounds, we note that this Court previously found that the record of the proceedings in which both Defendant and his brother, Brad Webb, participated reflects no misunderstanding as to the length or manner of service of the sentences imposed by the trial court. In *State v. Bradley Ryan Webb*, a panel of this Court concluded that "[t]he plea agreement executed by [Brad Webb], the trial court's

pronouncement at the guilty plea hearing, and the trial court's docket entry all reflect that the state and federal sentences were to be served 'concurrently.' There is nothing in the record supporting [Brad Webb's] argument that the sentences were to be 'co-terminus' . . ." *State v. Bradley Ryan Webb*, 2003 WL 535913 at *3.

Because there are no apparent conflicts between the trial court's pronouncements at the guilty plea submission hearing and the judgments entered in this matter, we cannot conclude that there was a clerical error in the entry of the judgment. It may be that the trial court misunderstood how Defendant's concurrent sentences would be calculated to determine his eligibility for release from custody. As this Court has previously noted in an unpublished opinion, however, while the trial court may correct clerical errors in its original judgment, the trial court is without jurisdiction to correct substantive errors after the judgment has become final. *State v. Davis*, No. E2000-02879-CCA-R3-CD, 2002 WL 340597 (Tenn. Crim. App., Knoxville, March 4, 2002).

Based upon the foregoing, we find that it was an abuse of discretion for the trial court to grant Defendant's Rule 36 motion for correction of a clerical error. Accordingly, the judgment of the trial court is reversed, and this case is remanded for reinstatement of the judgments of conviction as originally entered.

_____
THOMAS T. WOODALL, JUDGE