IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 29, 2020

**STATE OF TENNESSEE v. JEFFERY SILER**

**Appeal from the Criminal Court for Knox County
Nos. 95116, 95117   Bobby R. McGee, Judge**

_____

**No. E2020-00468-CCA-R3-CD**

_____

Jeffery Siler, Defendant, appeals the trial court's summary dismissal of his Tennessee Rule of Criminal Procedure 36 motion to correct a clerical error in the trial court's order revoking Defendant's probation.  Defendant claims that the revocation order erroneously failed to award 622 days' jail credit for the time Defendant served on a concurrent federal sentence while his state court sentence was suspended and Defendant was on unsupervised probation.  Defendant's probationary period ran from the date of his state court convictions until the date the probation revocation warrant was issued.  This probationary period encompassed the 622 days Defendant was incarcerated on the concurrent federal sentence.  Because Defendant's probation was revoked before his probationary period expired, Defendant was not entitled to credit upon reinstatement of the original state court sentence.  *State v. Hunter*, 1 S.W.3d 643, 644 (Tenn. 1999).  Therefore, there is no clerical error in the revocation order.  We affirm the trial court's summary denial of the Rule 36 motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR. and TIMOTHY L. EASTER, JJ., joined.

Jeffery Siler, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; for the appellee, State of Tennessee.

## OPINION

### *Procedural History*

On October 7, 2011, Defendant pled guilty in Case Nos. 93968, 95116, and 95117 (collectively "the state cases") to aggravated burglary and was sentenced as a persistent offender to ten years' probation in each case. The ten-year sentences in Case Nos. 95116 and 95117 were ordered to be served concurrently with each other but consecutively to the ten-year sentence in Case No. 93968. The effective twenty-year sentence in the state cases was suspended, and Defendant was placed on unsupervised probation. The sentences in the state cases were ordered to run concurrently with a 192-month prison sentence that Defendant was serving in United States District Court Case No. 3:10-CR-00071-1 ("the federal case"). The "Special Conditions" box of the judgment document in Case No. 93968 states that the sentence was "[t]o expire 10/07/2021." The "Special Conditions" box of the judgment documents in Case Nos. 95116 and 95117 states that the sentence was "[t]o expire 10/07/2031."

On May 15, 2013, the United States Court of Appeals for the Sixth Circuit reversed Defendant's conviction in the federal case. *See United States v. Siler*, 526 F. App'x 573 (6th Cir. 2013). According to Defendant, the federal case was subsequently dismissed, and on June 21, 2013, he was "released from custody in order to serve [his] state probation sentences."

On March 3, 2014, Defendant was arrested on a probation violation warrant or warrants.[1] On October 7, 2014, Defendant admitted that he violated the conditions of his probation. On November 14, 2014, the trial court revoked Defendant's probation in Case Nos. 95116 and 95117 and ordered his sentence to be served in the Tennessee Department of Correction (TDOC).

Defendant filed a "Motion [to] Correct or Amend the Order and Judgments Revoking Probation" in Case Nos. 95116 and 95117 ("the Motion to Correct"). On January 25, 2019, the trial court issued an order summarily denying the Motion to Correct. The order stated that "[d]uring the time [Defendant] was serving both the state and federal sentences he was receiving credit for both."

---

[1] The record does not include the probation violation warrant(s) or a transcript of the October 7, 2014 revocation hearing. We deduce from the revocation order in Case No. 95116 and the revocation orders in Case No. 95117 that warrants were issued in those two cases. It is unclear whether a warrant was issued in Case No. 93968. The record does not contain a revocation order for Case No. 93968.

On June 12, 2019, Defendant filed a second "Motion [to] Correct or Amend the Order and Judgments Revoking Probation" in Case Nos. 95116 and 95117 ("the Rule 36 Motion"), claiming that the trial court failed to award "credits for the 622 days spent in federal custody on the concurrent federal sentence . . . after having received the concurrent state sentence." Defendant claimed that the January 25, 2019 order "made it clear that he [was] entitled to sentence credits on both sentences." In support of the Rule 36 Motion, Defendant attached as an exhibit a September 5, 2019 letter that he received from the U.S. Department of Justice, Federal Bureau of Prisons, which he claimed showed that he was entitled to 622 days credit for the time served on the federal case. Defendant also attached as an exhibit a Petition for Declaratory Judgment ("the Petition") that he filed asking TDOC to apply the time he spent in federal custody to his state sentences.[2]

In the Petition, Defendant erroneously claimed that he "accepted a plea agreement in case numbers 93968, 95116, and 95117" which "called for [him] to receive three concurrent ten[-]year sentences on unsupervised probation" and that his "probation would run concurrently with the federal sentence that [he] was serving."[3] The Petition also stated that Defendant's Tennessee Offender Management Information System (TOMIS) time sheet showed that he has "964 days of street time," which included 622 days when he was in federal custody.[4] The Petition was referred to the Office of General Counsel by the Commissioner of TDOC. By letter dated May 15, 2019, the Office of General Counsel advised Defendant that TDOC denied the Petition. The letter stated that "TOMIS shows that you did receive court awarded pretrial jail credit (PTJC) and jail credit (credit for time served) in accordance with the judgment orders and the probation revocation order, in [C]ase [No.] 93968."

The trial court summarily denied the Rule 36 Motion by order entered on June 28, 2019, stating:

---

[2] The copy of the Petition in the appellate record is not dated. The Petition refers to the January 25, 2019 order and references information Defendant received from TDOC on April 10, 2019.

[3] The judgments in Case Nos. 95116 and 95117 clearly show that the effective ten-year sentence in those two cases was to be consecutive to a ten-year sentence in Case No. 93968.

[4] "Street time" is a term commonly used for the time a defendant is on "any community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(e)(4). If a court revokes a community corrections sentence, a defendant is entitled to receive credit on his sentence for "street time." *Carpenter v. State*, 136 S.W.3d 608, 612 (Tenn. 2004). "Street time" is also sometimes used in the context of probation for the time a defendant is released on probation. If a court revokes probation, a defendant's "'street time' does not operate to reduce the originally imposed sentence." *Teaster v. Tennessee Dep't of Correction,* No. 01A01-9608-CH-00358, 1998 WL 195963, at *4 (Tenn. Ct. App. Apr. 24, 1998).

In Oct[ober] 2011, [Defendant] resolved three Tennessee cases and was placed on [twenty] years['] unsupervised probation. This sentence was to run concurrently with a Federal sentence he had received earlier. Subsequently his federal conviction was reversed and that case was dismissed. Also subsequently[,] his probation was revoked and he was ordered to serve his Tennessee sentence of [twenty] years in the penitentiary. He has now filed a Motion [to] Correct or Amend the Order and Judgments Revoking Probation. The plea agreement was simply that the state and federal sentences would run concurrently with each other. There was no agreement as to what would happen in the event the federal case was to be reversed and dismissed nor was there any agreement as to how pretrial credits were to be allocated. During the time he was serving both the state and federal sentences he was receiving credit for both. Accordingly[,] the motion is DENIED.

Following the trial court's denial of the Rule 36 Motion, Defendant filed an untimely notice of appeal. This court waived timely filing in the interest of justice.

## *Analysis*

Defendant claims that the trial court erred "by declining to 'correct or amend' its order revoking probation to award jail credit against [D]efendant's state sentences for time served in federal custody while [D]efendant's state sentences were suspended[.]" The State claims that the trial court properly determined that Defendant was not entitled to jail credit while the state sentences were suspended to unsupervised probation. We agree with the State and determine that Defendant has failed to show that there was a clerical error in the order revoking his probation.

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." "Clerical errors 'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *State v. Brown*, 479 S.W.3d 200, 208 (Tenn. 2015) (quoting *Cantrell v. Easterling*, 346 S.W.3d 446, 449 (Tenn. 2011)).

A clerical error in an order revoking probation may be corrected at any time. *See State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996) (a clerical error in a trial court's sentencing order may be corrected at any time). We review a trial court's ruling on a Rule 36 motion under an abuse of discretion standard. *Marcus Deangelo Lee v. State*,

No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at \*3 (Tenn. Crim. App. Mar. 7, 2014).

"When two sentences run concurrently, it merely means that, for each day in custody while serving both sentences, the inmate receives credit toward each sentence." *Brown v. Tennessee Dep't of Correction*, 11 S.W.3d 911, 913 (Tenn. Ct. App. 1999) (quoting *Bullard v. Dep't of Corrections*, 949 P.2d 999, 1002 (Colo. 1997)) (internal quotation marks omitted). There are, however, different types of sentences and different ways credits apply. Defendant received an incarcerative federal sentence and a suspended state sentence that he was serving on unsupervised probation. Even though the federal case was dismissed, he received credit on his suspended state sentence for the time he was incarcerated on the federal case. That credit, however, only reduced the period of his unsupervised probation, and as Defendant's TOMIS time sheet correctly showed, the 622 days he served in federal custody was encompassed by his street time.

When Defendant was released from federal incarceration, he was returned to unsupervised probation on his suspended state sentence. He continued to serve his suspended sentence until a probation revocation warrant was issued. When Defendant's probation was revoked, before his probationary period ended, Defendant's street time in Case Nos. 95116 and 95117, including the 622 days served on the federal case, was forfeited. *See Teaster v. Tennessee Dep't of Correction*, No. 01A01-9608-CH-00358, 1998 WL 195963, at \*4 (Tenn. Ct. App. Apr. 24, 1998) (street time does not operate to reduce the originally imposed sentence of probation). Defendant was not entitled to credit on his state sentence of incarceration for any time served on probation prior to the revocation of his probation. *Hunter*, 1 S.W.3d at 644.

Defendant has failed to show that there was a clerical error in the judgments in Case Nos. 95116 and 95117, and we hold that the trial court properly denied the Rule 36 motion.

### *Conclusion*

The trial court properly denied Defendant's Rule 36 motion. The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 5 -