IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 8, 2022 Session

**MICAH TRANSOU v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-21-168          Donald H. Allen, Judge**

_____

**No. W2022-00172-CCA-R3-PC**
_____

Petitioner, Micah Transou, appeals the denial of his petition for post-conviction relief in which he alleged that his guilty plea was not made knowingly or voluntarily because "it created an illegal sentence" and that it was not entered with the effective assistance of counsel. Following oral argument, our review of the entire record and the briefs of the parties, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which J. ROSS DYER, and JOHN W. CAMPBELL, SR., JJ., joined.

Joshua Phillips, Jackson, Tennessee, (at trial) and Mitchell A. Raines, Assistant Public Defender, Franklin, Tennessee, (on appeal) for the appellant, Micah Transou.

Herbert H. Slatery III, Attorney General and Reporter; Brent Cherry, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

On December 10, 2019, Petitioner pled guilty in Case No. 19-126[1] to the sale and delivery of cocaine with an offense date of August 21, 2018. He also pled guilty to the sale (Count 1) and delivery (Count 2) of more than one-half gram of cocaine in Case No. 19-127 with an offense date of August 24, 2018. Count 2 was merged into Count 1 for a single conviction of sale of cocaine. The trial court imposed an effective ten-year sentence as a Range I standard offender to be served in the Department of Correction. The judgment form in Case No. 19-127 reflects that Petitioner was given pretrial jail credit from February 14, 2019 to March 6, 2019.

On April 12, 2021, Petitioner entered a "best interest" plea in Case No. 19-661 to aggravated kidnapping, aggravated assault, domestic assault, and unlawful possession of a firearm by a convicted felon with an offense date of February 12, 2019. The trial court imposed an effective ten-year sentence to be served at 100 percent, "concurrent with Madison County Circuit Nos. 19-126 and 19-127 from date of plea on April 12, 2021." The "Special Conditions" section of the judgment forms states that Petitioner "waives any pre-plea jail credits accrued in this case."

*Guilty Plea Hearing*

The facts of this case as set forth by the State at the guilty plea submission hearing in Case No. 19-661 are as follows:

> [O]n February the 12th of 2019, the victim in this matter, Ms. Jessica Knight, came to JPD lobby to make a domestic assault report. She advised that she was at the house with her ex-boyfriend, [Petitioner], who is before the court, to stay with him for the night. She was trying to get some of her old belongings from [Petitioner]. She said that her alarm went off that morning and that [Petitioner] had been going through her phone and got upset with her and began yelling at her and hitting her regarding people that she had been talking to. She

---

[1] The judgment forms in Case No. 19-126 do not appear in the record. As pointed out by the State, the post-conviction court in its order denying relief noted that Petitioner entered guilty pleas in Case Nos. 19-126 and 19-127 on December 10, 2019, and Petitioner "received an agreed sentence of ten years to serve running concurrent to each other." The record also contains copy of Petitioner's "Tennessee Offender FaceSheet," indicating that Petitioner was sentenced on December 10, 2019, in Case No. 19-126 for "Schedule II Drugs: Cocaine," with an offense date of August 21, 2016. We note that it is the appellant's duty to prepare a fair, accurate, and complete record on appeal to enable this court to conduct a meaningful review. *See* Tenn. R. App. P. 24(b).

said that she tried to leave and he had threatened her life. She stated that he pulled her hair and drug her across the floor by her hair.

She said that he had a black semiautomatic handgun with a wooden handle that he would pick up and display to her when she would try to leave. He was standing in front of her and would not let her leave. She advised that a male friend of his came by and she grabbed her purse and ran out toward the friend and she stated that she pleaded with this friend to get her out of there and while she was running [Petitioner] grabbed her purse causing her to fall to the ground injuring her arm. She said that she left her purse and got in the vehicle with a friend who took her away.

Officers could see physical marks on her face and neck and the side when she filed this report.

Thus the State would show at trial of [Petitioner] that he did unlawfully and knowingly remove or confine Ms. Knight so as to interfere substantially with her liberty while he was possessing a deadly weapon or threatening use with a deadly weapon. That he did intentionally and knowingly by displaying or using that weapon caused Ms. Knight to reasonably fear imminent bodily injury. That he did commit a domestic assault against a domestic abuse victim by intentionally, knowing or recklessly causing bodily injury to Ms. Knight. Also, that he did unlawfully possess a firearm after having been convicted of a felony crime of violence or attempted violence of a felony involving using a deadly weapon with that being aggravated assault in Madison County Circuit Court No. 97-667 which is a felony crime of violence.

All of this occurred here in Madison County, Tennessee.

I believe it was two days later on the 14th of February, 2019, narcotics executed some outstanding warrants on [Petitioner] and they did recover a handgun with wood grips from pockets of a couch inside his residence and they took that into their possession into evidence.

All of this occurred here in Madison County, Tennessee.

At the guilty plea submission hearing, the trial court discussed Petitioner's charges and ranges of punishment. The court then reviewed the plea agreement with Petitioner, and Petitioner indicated that he understood. Concerning pretrial jail credits, the trial court

said: "It says that [Petitioner] waives any pre-plea jail credits accrued in this case. I'm not sure I understand that. What's that about?" Defense counsel explained that the case was "running concurrent from the day of this plea." The following exchange took place:

> THE COURT: So he waives any - - okay. I mean, I'm looking at the court file. He posted a $30,000 bond in this case - -
> [Defense Counsel]: He did.
>
> THE COURT: - - on March the 11th or March the 6th of 2019. So, he's actually been out on bond in this case, but apparently he is serving another sentence.
>
> [Defense Counsel]: He is, Judge.
>
> THE COURT: So he only has just a few days credit or something?
>
> [Defense Counsel]: Yes, sir.
>
> THE COURT: Okay. Well, I mean, he gets credit for whatever time he got arrested up until the time he posted bond.
> [Defense Counsel]: Right.
>
> THE COURT: He'll get that jail credit, but I guess - - was it a violation of probation warrant or did he get arrested on that new charge or what?
>
> [Defense Counsel]: Well, actually this allegedly happened and then a day or two later they did a search warrant of his house and he got the drug charges and then they got presented to the grand jury.
>
>     *      *      *
>
> THE COURT: Okay. So the drug charges later got presented to the grand jury and then, of course, he was in jail at that point.
>
> When is he scheduled to get released on that other case?
>
> [Defense Counsel]: I think he's ten years at 30 percent.
>
>     *      *      *

[Defense Counsel]:       Maybe next year possibly.

THE COURT:       Okay.  But, now, make sure I understand. He's not receiving any pretrial credits on this case, but beginning today this will run concurrent with what [Petitioner is] currently serving?

[Defense Counsel]:       Yes, sir.

THE COURT:       Okay.  All right.  I just wanted to make sure I understood the plea agreement.

I guess that's the reason it's written on here "waives any pre-plea jail credits."  He really doesn't have many since he posted bond it don't sound like.

[Defense Counsel]:       That's right.

THE COURT:       Of course, he'll just remain in custody. You'll be transferred back to TDOC and then, of course, beginning today you'll have a ten[-]year sentence to serve at 100 percent.  Do you understand that?

[Petitioner]:       Yes, sir.

*Post-Conviction Hearing*

At the post-conviction hearing, trial counsel testified that he represented Petitioner in the three cases, Case Nos. 19-126 and 19-127 (the "drug cases"), and Case No. 19-661 (the "aggravated kidnapping case").  He said that the State originally made a plea offer in the aggravated kidnapping case of "20 years at 100 percent[,]" and "we made a counter offer over a period of time and it ended up being 10 years at 100 percent."  Trial counsel then said, "Ten years at 85 percent."

Trial counsel testified that "there was a mention in the judgment about jail credit." He was aware that the plea agreement for the aggravated kidnapping case indicated that Petitioner waived pretrial jail credits.  Trial counsel noted that Petitioner accumulated jail credit in the aggravated kidnapping case from February 14, 2019 through March 6, 2019, until Petitioner made bond.  He said that Petitioner also had the "same credits on the drug case[s]."  Trial counsel agreed that the drug cases were not attached to the aggravated kidnapping case, other than the charges being run concurrently.

On cross-examination, trial counsel clarified that Petitioner was "arrested on the aggravated kidnapping first and then the drug case[s] had been pending. And then after he was arrested on the [aggravated] kidnapping case in city court, at some point shortly [thereafter] they served the indictment on him." He noted that the drug offenses in Case Nos. 19-126 and 19-127 occurred on August 21 and 24, 2018, but Petitioner was not charged until the grand jury considered the offenses on January 28, 2019. The aggravated assault, aggravated kidnapping, domestic assault and the weapons charges in Case No. 19-661 occurred on February 12, 2019. Petitioner was taken into custody on February 14, 2019, was served in the drug cases and the aggravated kidnapping case, and was incarcerated until March 6, 2019, when he was released on bond. Trial counsel explained that Petitioner was incarcerated during that period of time for the offenses in all three cases. He agreed that the printout from the sheriff's office reflected pretrial jail credits from February 14 to March 6, 2019.

Trial counsel testified that Petitioner pled guilty first to the drug charges in Case Nos. 19-126 and 19-127 on December 10, 2019, and received an effective ten-year sentence to be served in the Department of Correction, and he was taken into custody that day. Petitioner pled guilty to aggravated kidnapping and other charges in Case No. 19-661 on April 12, 2021, and received an effective ten-year sentence to be served "concurrent with Madison County Circuit Court Nos. 19-126 and 19-127 from date of plea on April 12, 2021." Under the "Special Conditions" section, the judgment forms indicate that Petitioner "waives any pre-plea jail credits accrued in this case."

Trial counsel testified that Petitioner received pretrial jail credits toward the sentence for his drug cases. He said:

> [Petitioner] got his jail credits on the drug case[s]. He got credit for that time, and it all went on the drug case[s]. I guess when I spoke to the prosecutor when he wrote that in there, in hindsight I'll say this: I won't agree to waive pretrial jail credits to include that phrase in a guilty plea because you can't waive pretrial jail credits. But he got those credits on one of the cases and then on the kidnapping case it was run concurrent from the date that he pled.

Trail counsel testified that the waiver of pretrial jail credits in the guilty plea "shouldn't have been said or stated that way." He reiterated that Petitioner's pretrial jail credits were awarded in the drug cases. The following exchange then took place:

> [Prosecutor]:            But there weren't any [pretrial jail credits] to waive in this case because they had already been awarded?
>
> [Trial Counsel]:        Well, he got that credit off of his two drug cases and not off of the aggravated kidnapping case.

| | |
|---|---|
| [Prosecutor]: | But the one he wanted jail credits to be awarded? |
| [Trial Counsel]: | He was being held on both at the same time. |
| [Prosecutor]: | So you have to put them on one case or the other? |
| [Trial Counsel]: | That's usually how it's done. |

Petitioner testified that trial counsel gave him "incorrect legal advice when he advised [Petitioner] to waive the granting of [his] mandatory pretrial jail credits[.]" He asserted: "The advice of trial counsel caused me to be restrained of my physical liberty more than the law requires on my concurrent sentences." Petitioner further explained:

On the days that I was locked up until my plea agreement of April 12th of 2021, I understand that the law states that I was supposed to get those as well because it would contravene the concurrent status if I can't get them both concurrent meaning simultaneously starting one and starting two and ending at the same time and starting at the same time.

\*       \*       \*

Both running together. So they pretty much got me doing a 12 year sentence on a 10 year sentence on the initial case which my later case was ran into my drug case which started 2019. So, anything - - any time I was incarcerated up until the date of that trial, I was supposed to get those as well subsequently.

Petitioner testified that was he charged with offenses in the drug cases and the aggravated kidnapping case when he was arrested in February of 2019. He said that he made bond on all three cases and went to court for the drug offenses in Case Nos. 19-126 and 19-127 on December 10, 2019, and "they sent [him] to prison[,]" Petitioner testified that he reappeared in the "same court" on April 12, 2021, "the same judge, the same lawyer and the same everything," and he pled guilty to aggravated kidnapping and the other charges in Case No. 19-661. He asserted that because the sentences in all three cases were ordered to be served concurrently, he should have received credit in the aggravated kidnapping case for pretrial jail credit for the period of February 14 to March 6, 2019, and for the portion of the sentence served in the drug cases from December 10, 2019, to the date of the sentencing on April 12, 2021, for the offenses in the aggravated kidnapping case.

At the conclusion of the post-conviction hearing, the post-conviction court found that Petitioner failed to show that trial counsel was "ineffective for having agree[d] to waive pretrial jail credits because it is clear that the [Petitioner] received those credits in two cases for which he was incarcerated at the same time," but the court found that Petitioner was entitled to pretrial jail credits in the aggravated kidnapping case for the period of February 14 to March 6, 2019, and awarded Petitioner those credits. The post-conviction court denied Petitioner's request for pretrial jail credits in the aggravated kidnapping case for time served in the drug cases prior to the date of Petitioner's guilty plea in the aggravated kidnapping case on April 12, 2021. It is from this denial that Petitioner now appeals.

## ANALYSIS

Petitioner argues that his guilty plea in the aggravated kidnapping case, Case No. 19-661, was not knowingly and voluntarily entered because he waived his pretrial jail credits which rendered his sentence illegal. He further contends that his guilty plea was "not constitutionally valid" because trial counsel rendered ineffective assistance of counsel by advising him to waive his pretrial jail credits. Petitioner argues alternatively that this court should amend the judgments in the aggravated kidnapping case to reflect that the imposed sentence runs concurrently with the imposed sentences in the drug cases, and award credit for time served in the drug cases. The State responds that the post-conviction court properly denied post-conviction relief and properly awarded Petitioner pretrial jail credits in the aggravated kidnapping case for the time he served prior to making bond.

The right to effective assistance of counsel is safeguarded by the Constitutions of both the United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. When a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). Failure to satisfy either prong results in the denial of relief. *Strickland*, 466 U.S. at 697. Accordingly, if we determine that either factor is not satisfied, there is no need to consider the other factor. *Finch v. State*, 226 S.W.3d 307, 316 (Tenn. 2007) (citing *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004)). The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f); *see Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). The factual findings of the post-conviction court are binding on an appellate court unless the evidence in the record preponderates against those findings. *Dellinger*, 279 S.W.3d at 294. The post-conviction court's application of law to its factual findings is reviewed de novo with no presumption of correctness. *Calvert v. State*, 342 S.W.3d 477, 485 (Tenn. 2011). A claim of ineffective assistance of counsel presents a mixed question of law and fact that is subject to de novo

review with no presumption of correctness. *Id.*; *Dellinger*, 279 S.W.3d at 294; *Pylant v. State*, 263 S.W.3d 854, 867 (Tenn. 2008).

Review of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997). We will not second-guess a reasonable trial strategy, and we will not grant relief based on a sound, yet ultimately unsuccessful, tactical decision. *Granderson v. State*, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006). Deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *Cooper v. State,* 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 688; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome" of the trial. *Id.* We also apply the standard in *Strickland* to determine deficiency when reviewing "challenges to guilty pleas based on ineffective assistance of counsel." *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the petitioner must show a reasonable probability that were it not for the deficiencies in counsel's representation, he or she would not have pled guilty but would instead have insisted on proceeding to trial. *Id., House v. State*, 44 S.W.3d 508, 516 (Tenn. 2001).

To satisfy constitutional standards of due process, a guilty plea must be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). When evaluating the knowing and voluntary nature of a guilty plea, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). In making this determination, the reviewing court must look to the totality of the circumstances. *See State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). This court may consider the following circumstantial factors:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the

charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from trial.

*Blankenship v. State*, 858 S.W.2d 897, 905 (Tenn. 1993). "[A] plea is not 'voluntary' if it results from ignorance, misunderstanding, coercion, inducements, or threats." *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). A defendant's solemn declaration in open court that his plea is knowing and voluntary creates "a formidable barrier in any subsequent collateral proceeding" because these declarations "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Relying on *State v. Richard Daniel Filauro*, No. M2002-02186-CCA-R3-CD, 2002 WL 840084, at *5 (Tenn. Crim. App. Sept. 16, 2003), Petitioner first argues that his sentence was not knowingly and voluntarily entered because a defendant cannot waive pretrial jail credits as a condition of a plea agreement, as it contravenes Tennessee Code Annotated section 40-23-101(c) and results in an illegal sentence. That section provides:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

T.C.A. § 40-23-101(c). In *Richard Daniel Filauro*, defendant sought to withdraw his guilty plea to two counts of child rape. The plea agreement provided for two concurrent twenty-five-year sentences with an agreement that defendant would not receive pretrial jail credits for the eighteen months he spent in jail. This court held that the waiver of pretrial jail credits resulted in an illegal sentence. This court further found:

> The defendant asserts that his pleas were unknowingly and involuntarily entered because he was given erroneous advice on whether he could waive eighteen months of pretrial jail credit. Because of conflicting information the defendant received about pretrial jail credit and because it is illegal to waive this credit, we do not believe that the defendant's plea could have been understanding to any appreciable degree when he waived his right to the credit at the guilty plea hearing. At the motion to withdraw hearing, [trial counsel] acknowledged that the defendant was very concerned about

receiving pretrial jail credit, and the defendant testified that he thought he would somehow get credit and only found out after his pleas that he would not. [Trial counsel] said that she told the defendant that although he was agreeing to waive the jail credits, she believed he could get them back at some point in the future because she believed jail credits were automatic. The record reflects, however, that the trial court and the prosecutor believed that a defendant was allowed to waive pretrial jail credit and that they told the defendant at the guilty plea hearing that he was waiving his. Thus, the record shows that while the trial court and the prosecutor told the defendant he was waiving his pretrial jail credit, [trial counsel] was telling him that pretrial jail credit was mandatory and that he could get it back at some point in the future. In addition, as stated above, a defendant is not allowed to waive pretrial jail credit. This renders any attempted waiver of pretrial jail credit necessarily unknowing because a defendant would not realize it was illegal to waive his credit. Under these circumstances, the defendant could not have understood his rights regarding his pretrial jail credit when he pled guilty to rape of a child.

*Richard Daniel Filauro*, 2004 WL 840084, at *8. This court held the trial court should not have accepted defendant's plea waiving pretrial jail credits, and the trial court erred in denying defendant's motion to withdraw his guilty plea. *Id.*

However, Defendant's reliance upon *Filauro* in this case is misplaced. In *Filauro*, defendant was sentenced in two separate cases at the same sentencing hearing to concurrent sentences of equal length for the two offenses, and he agreed to waive all of his eighteen months of pretrial jail credit on both cases. Therefore, the sentences would begin and end at the same time, and he did not receive pretrial jail credits for time served on either of the cases. In this case, Petitioner was first sentenced on December 10, 2019, to concurrent sentences in the drug cases. Nearly sixteen months later on April 12, 2021, Petitioner was sentenced in the aggravated kidnapping case. He was given pretrial jail credits in the drug cases as shown on the judgment forms for all the time spent in jail prior to making bond. Although the judgment forms in the aggravated kidnapping case reflect that Petitioner waived "any pre-plea credits accrued in this case," it does not appear that Petitioner actually waived any credit he was entitled to receive.

While we agree with Petitioner that the language on the judgment forms "waiving any pre-plea credits" was improper, we conclude that in this case, it did not render Petitioner's guilty plea unknowing and involuntary, and his sentence was not illegal. Petitioner did not waive pretrial jail credits accrued from February 14, 2019 through March 6, 2019, when he was released on bond in all three cases; those credits were all applied to his sentences in the drug cases as reflected on the judgment forms for those cases. From

the guilty plea colloquy, the record shows that Petitioner did not agree to waive those credits in the aggravated kidnapping case; he agreed that those credits would not be applied in that case. The trial court asked Petitioner if he understood that "beginning today," he would serve ten years at one-hundred percent. Petitioner indicated that he understood. However, we note as the post-conviction court found, that the credits for that period of time should have also been awarded on the judgment forms in the aggravated kidnapping case. Only when a trial court orders "concurrent alignment of the sentences should the trial court include the award of pretrial credits on each judgment in order to provide the full benefit of the credit against the aggregate sentence." *State v. Anthony L. Moore*, No. W2016-02601-CCA-R3-CD, 2017 WL 4051268, at *2 (Tenn. Crim. App. Sept. 13, 2017) (citing *State v. Henry*, 946 S.W.2d 833, 835 (Tenn. Crim. App. 1997)). However, the failure of the trial court to list the pretrial jail credits on the judgment forms in the aggravated kidnapping case did not render Petitioner's sentence in that case illegal. In *State v. Brown*, 479 S.W.3d 200, 212 (Tenn. 2015), our supreme court explained:

> Although pretrial jail credits allow a defendant to receive credit against his sentence for time already served, awarding or not awarding pretrial jail credits does not alter the sentence in any way, although it may affect the length of time a defendant is incarcerated. A trial court's failure to award pretrial jail credits may certainly be raised as error on appeal . . . But a trial court's failure to award pretrial jail credits does not render the sentence illegal.

*Id.* at 212-13. Additionally, once the post-conviction court amended the judgment forms in the aggravated kidnapping case to reflect the pretrial jail credits to which Petitioner was entitled and had been awarded in the drug cases, "nothing more was required." *Anthony Moore*, 2017 WL 4051268, at *2.

Petitioner also asserts that his guilty plea was unknowing and involuntary and that his sentence was illegal because he was entitled to pretrial jail credits in the aggravated kidnapping case for time served in the drug cases from December 10, 2019, when he pled guilty in those cases, until April 12, 2021, when he pled guilty in the aggravated kidnapping case. In his brief, Petitioner argues:

> Specifically, this Court should order amended judgments in this case reflecting that the sentence in Docket No. 16-661 runs concurrently with the sentence imposed in Docket Nos. 19-126 and 19-127, and that [Petitioner] be awarded credit for time served in those cases prior to the guilty plea in this matter – from December 10, 2019 through April 12, 2021. Such amendments would reflect [Petitioner's] understanding of the terms of the guilty plea when entered and thereby cure the illegality of the plea in that it was not knowing and voluntarily entered.

- 12 -

As correctly pointed out by the post-conviction court in its order denying relief, Petitioner is "clearly not entitled" to these credits in the aggravated kidnapping case. He had made bond in that case and was not in custody for those offenses from December 10, 2019, until April 12, 2021. Petitioner was serving his ten-year sentence in the Department of Correction in the drug cases. In *Kevin D. Otey v. Worthington*, No. E2006-02419-CCA-R3-HC, 2007 WL 2710028 (Tenn. Crim. App., Sept. 18, 2007), Petitioner asserted that when he was sentenced in 1999 to eleven years for possession of cocaine with the sentence to be served concurrently with sentences imposed in 1996 and 1997 for prior offenses, that the 1999 sentence should have been calculated as beginning in 1996 or 1997 with jail credit given for time already served on the other sentences. The habeas court in that case agreed with Petitioner and awarded him the credits; however, this court reversed the habeas court's order stating:

> [A] petitioner's sentence begins running upon receiving his judgment and being held in custody. T.C.A. § 40-23-101 (2006). In *Brown v. Tennessee Department of Correction,* the Tennessee Court of Appeals held that, "when two [different] sentences begin at different times, the result can be different," and that "the termination of the first sentence has no effect on the unserved part of the second sentence." 11 S.W.3d 911, 913 (Tenn. Ct. App. 1999). Additionally, the Court adopted the view that "when two sentences run concurrently, it merely means that, for each day in custody while serving both sentences, the inmate received credit towards each sentence. *Concurrent sentences do [not] necessarily begin and end at the same time-they simply run together during the time they overlap*.[]*" Id.* (quoting *Bullard v. Dep't of Corr.,* 949 P.2d 999, 1002 (Colo. 1997)). Moreover, "'double-dipping' for credits from a period of continuous confinement in this state for two separate and unrelated charges has been rejected." *State v. Frederick Cavitt,* No. E1999-00304-CCA-R3-CD, 2000 WL 964941[, at] *3 (Tenn. Crim. App., at Knoxville, July 13, 2000)[.]
>
> In the case at hand, the Petitioner was sentenced to serve eleven years on May 10, 1999[,] and he was already in custody. As such, his sentence for that judgment began on that day. The habeas court interpreted the trial court's "concurrent with prior sentences" language on the 1999 judgment to mean that the Petitioner would receive credit towards that particular sentence for time already served on other sentences. Although the sentencing language reads that the sentences were concurrent, this merely allows for credit for multiple sentences each day, so long as the sentences overlap. The Petitioner was sentenced for eleven years for possession of cocaine

- 13 -

> with intent to resell in 1999 and may not "double-dip" for credits from a different sentence assigned for a different offense. The habeas court erred when it credited the Petitioner with time served from his previous sentences towards his 1999 sentence.

*Kevin D. Otey v. Worthington*, 2007 WL 2710028, at \*2–3 (emphasis added). Likewise, Petitioner's sentence in the aggravated kidnapping case did not begin until he pled guilty in that case on April 12, 2021. He is not entitled to any additional pretrial credits in the aggravated kidnapping case, and his sentence is not illegal despite the poor choice of wording on the judgment forms.

The transcript of the plea colloquy belies Petitioner's claim that his understanding of the terms of the guilty plea was that he would receive credit in the aggravated kidnapping case for time served between December 10, 2019 and April 12, 2021, in the drug cases. The trial court stated at the guilty plea submission hearing that Petitioner did not have "many" pretrial jails credits since he posted bond. As we have already noted, the trial court asked Petitioner if he understood that "*beginning today*," he would serve ten years at one-hundred percent, concurrently with the sentence imposed in Case Nos. 19-126 and 19-127. Petitioner indicated that he understood. A petitioner's representations and statements under oath that his guilty plea is knowing and voluntary create "a formidable barrier in any subsequent collateral proceedings [because] [s]olemn declarations . . . carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

As for Petitioner's claim that he received ineffective assistance of counsel due to trial counsel's advice to waive pretrial jails credits and that he was prejudiced by counsel's advice, we disagree. It is not clear from the record that trial counsel gave Petitioner incorrect advice concerning pretrial jail credits, and Petitioner cannot show that he was in any way prejudiced by trial counsel's advice concerning the plea or that he would not have pled guilty but for trial counsel's advice. Trial counsel testified that the State's original plea offer was for twenty years at 100 percent and that was negotiated down to ten years at 100 percent, a sentence significantly less than the maximum sentence of thirty-nine years, eleven months and twenty-nine days that Petitioner faced for his charges. Moreover, the sentence was to run concurrently with the effective ten-year sentence in the drug cases. As pointed out by the State, although Petitioner could not waive pretrial jail credit from February 14, 2019 through March 6, 2019, the period of time that he was incarcerated prior to making bond in all three cases, he received credit for that time in the drug cases, and the post-conviction court entered amended judgment forms in this case, to correctly reflect the credit.

The record reflects that Petitioner's guilty plea in Case No. 19-661, the aggravated kidnapping case was knowingly and voluntarily entered and that trial counsel was not deficient nor was Petitioner prejudiced by trial counsel's advice concerning pretrial jail credit. Petitioner is not entitled to relief.

- 14 -

**CONCLUSION**

Based on foregoing analysis, we affirm the judgment of the post-conviction court.

_____
JILL BARTEE AYERS, JUDGE