IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 14, 2026

**ROBERT KERRY PICKLE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Coffee County**
**No. 38118          Robert T. Carter, Judge**

_____

**No. M2025-00939-CCA-R3-HC**

_____

After pleading guilty in federal court, the Petitioner, Robert Kerry Pickle, pled guilty in 2014 to eight additional offenses in the Coffee County Circuit Court. The circuit court imposed an effective sentence of eight years' incarceration. Eleven years later, and while still serving his federal sentence, the Petitioner filed a pro se application for a writ of habeas corpus. He asserted that his state sentences had expired and that the trial court lacked authority to impose consecutive sentences. The habeas corpus court summarily dismissed the application, concluding that the Petitioner's state sentences were aligned consecutively to his federal sentence and therefore had not expired. The Petitioner now appeals. Upon our review, we respectfully affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and STEVEN W. SWORD, JJ., joined.

Robert Kerry Pickle, Terre Haute, Indiana, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilber, Senior Assistant Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

In June 2012, the Petitioner entered a guilty plea in the United States District Court to several offenses and was sentenced to 240 months' incarceration. Two years later, the Petitioner pled guilty to eight other offenses in the Coffee County Circuit Court. The circuit court imposed an effective sentence of eight years' incarceration. As relevant here, the court aligned the sentences as follows:

- Count 1 (misdemeanor criminal impersonation, eleven months and twenty-nine days): consecutive to "any and all previously imposed sentences";

- Count 2 (aggravated burglary, three years): concurrent with Count 1;

- Count 3 (robbery, five years): consecutive to Count 2;

- Counts 4 and 5 (robbery, five years each): concurrent with Count 3; and

- Counts 6 through 8 (kidnapping, five years each): concurrent with Count 3.

Nearly eleven years later, and while he was still in federal custody, the Petitioner filed a pro se application for a writ of habeas corpus in the Coffee County Circuit Court. The Petitioner alleged that his state sentences had expired and that the trial court lacked authority to impose consecutive sentences, raising three arguments in particular.

First, the Petitioner argued that only the misdemeanor sentence in Count 1 was ordered to run consecutively to his federal sentence and that the remaining state sentences therefore ran concurrently with his federal sentence and have since expired. Second, he asserted that the misdemeanor sentence expired immediately upon sentencing because the pretrial credit awarded by the trial court exceeded the length of that sentence, causing the remaining counts to begin running at the time of sentencing and to have since expired. Third, and alternatively, the Petitioner contended that the trial court failed to make the findings required to impose consecutive sentences and that any order for consecutive sentences was void.

The habeas corpus court summarily dismissed the application by written order entered on May 6, 2025. The court concluded that all of the Petitioner's state sentences were aligned consecutively to his previously imposed federal sentence.[1] It further concluded that Tennessee Rule of Criminal Procedure 32(c)(2)(B) supported that interpretation. Finding that the Petitioner's state sentences had not expired, the court concluded that the Petitioner had failed to state a cognizable claim for habeas corpus relief.

Twenty-seven days later, on June 2, 2025, the Petitioner filed a notice of appeal with the circuit court clerk. The circuit court clerk forwarded the notice to the appellate court clerk, who filed it on June 23, 2025.

## ANALYSIS

In this appeal, the Petitioner argues that his state sentences have expired and that the trial court lacked the authority to impose consecutive sentences. The State responds that the notice of appeal was untimely and should be dismissed, and alternatively, that the Petitioner has failed to state a cognizable claim for habeas corpus relief on any ground. Although we excuse the untimely filing here, we agree with the State that the Petitioner is not entitled to relief on any of the grounds he has advanced.

### A.    TIMELINESS OF THE APPEAL

We first address the timeliness of this appeal. Under Tennessee Rule of Appellate Procedure 4(a), a notice of appeal in a criminal case must be filed with the appellate court clerk within thirty days after entry of the judgment appealed from. Although this requirement is not jurisdictional, it may be waived "in the interest of justice." Tenn. R. App. P. 4(a). In determining whether a waiver is appropriate, this court considers the nature of the issues presented, the reasons for the delay, the length of the delay, and any other relevant circumstances. *See State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007).

Here, the Petitioner filed his notice of appeal within thirty days of the dismissal order, but he filed it with the trial court clerk rather than the appellate court clerk. *See* Tenn. R. App. P. 4(a).[2] The trial court clerk received the Petitioner's notice of appeal on

---

[1]    The Petitioner indicates that the projected release date for his federal sentence is in 2028.

[2]    Before July 1, 2017, notices of appeal were filed with the trial court clerk. After the 2017 amendment to Rule 4(a), however, notices of appeal were required to be filed with the appellate court clerk.

June 2, 2025, and forwarded it to the appellate court clerk eleven days later. The appellate court clerk ultimately filed the notice on June 23, 2025, eighteen days after the filing deadline.

Although the Petitioner failed to comply with the filing requirements of Rule 4(a), some portion of the delay resulted from the forwarding process after the notice was received by the trial court clerk. The Petitioner has also acknowledged the untimely filing, explained the circumstances in his reply brief, and requested a waiver of the timely filing requirement in the interest of justice. Under these circumstances, we waive the timely filing requirement and address the merits of the appeal. *See, e.g.*, *State v. Locke*, No. E2022-01177-CCA-R3-CD, 2023 WL 3879892, at *2 (Tenn. Crim. App. June 8, 2023), *no perm. app. filed*; *Aguilar v. State*, No. M2019-01814-CCA-R3-ECN, 2021 WL 2627536, at *8 (Tenn. Crim. App. June 25, 2021), *no perm. app. filed*.

## B. AVAILABILITY OF HABEAS CORPUS RELIEF

We now turn to the Petitioner's claims that his sentences have expired and that the trial court lacked the authority to impose consecutive sentences. The Petitioner advances three arguments in support. First, he argues that the felony judgments should be construed as requiring concurrent service with his federal sentence. Second, he asserts that the misdemeanor sentence in Count 1 expired immediately upon sentencing by operation of pretrial jail credits, causing the remaining counts to begin running at that time. Third, he contends that the trial court failed to make the findings required to impose consecutive sentences, rendering any consecutive sentences illegal.

The State responds that the judgments require consecutive service to the Petitioner's federal sentence and that, in any event, the governing rules mandate that alignment. It further contends that the Petitioner's challenge to the trial court's findings does not present a cognizable claim for habeas corpus relief. We agree with the State.

### 1. The Habeas Corpus Framework

The writ of habeas corpus is guaranteed by Article I, section 15 of the Tennessee Constitution. Although constitutionally protected, the writ occupies a narrow role in Tennessee jurisprudence. Unlike the broader federal writ, habeas corpus relief in

---

Although the amendment temporarily included a corrective procedure for notices mistakenly filed with the trial court clerk, that transitional provision expired in 2018. *See Jones v. State*, No. M2019-01935-CCA-R3-HC, 2020 WL 4208425, at *1 (Tenn. Crim. App. July 22, 2020), *no perm. app. filed*.

Tennessee is available only to challenge judgments that are void, not merely voidable. *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000); *Summers v. State*, 212 S.W.3d 251, 255-56 (Tenn. 2007).

Accordingly, habeas corpus relief is limited to cases in which the face of the judgment or record establishes either that the convicting court lacked jurisdiction or that the defendant's sentence has expired. *Ritchie*, 20 S.W.3d at 630; *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008). Errors that render a judgment merely voidable, including claims that could have been raised on direct appeal or in post-conviction proceedings, are not cognizable in habeas corpus proceedings. *See Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992).

The petitioner bears the burden of establishing by a preponderance of the evidence that the challenged judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss an application that fails to state a cognizable claim for relief, and it may do so without appointment of counsel or an evidentiary hearing when the record does not indicate that the judgment is void or that the sentence has expired. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *Summers*, 212 S.W.3d at 261.

Whether the habeas corpus court erred in summarily dismissing the application presents a question of law, which we review de novo with no presumption of correctness. *Davis v. State*, 313 S.W.3d 751, 755 (Tenn. 2010). With these principles in mind, we turn to the Petitioner's arguments.

### 2. Expiration of the Petitioner's Sentences

#### a. Alignment of the State Sentences with the Federal Sentence

The Petitioner first argues that only the misdemeanor sentence in Count 1 was ordered to run consecutively to his federal sentence and that the remaining state felony sentences should therefore be treated as concurrent with the federal sentence. We respectfully disagree.

As a threshold matter, trial courts speak through their orders and judgments, and those documents should be interpreted according to their plain meaning. *See Morgan Keegan & Co. v. Smythe*, 401 S.W.3d 595, 608 (Tenn. 2013). Moreover, orders and

judgments often speak as clearly by implication as by express statements. *See id.* With these principles in mind, we turn to the language of the judgments.

The judgment for Count 1 provides that the sentence shall run consecutively to "any and all previously imposed sentences," which includes the Petitioner's federal sentence. Because a consecutive sentence does not start until the prior sentence is completed, Count 1 cannot begin until the federal sentence expires. *See Brown v. Tennessee Dep't of Correction*, 11 S.W.3d 911, 913 (Tenn. Ct. App. 1999).

All state sentences are ultimately linked to Count 1 through the following chain:

- Count 2 runs concurrently with Count 1, meaning both begin at the same time.

- Count 3 runs consecutively to Count 2, meaning it does not begin until both the federal sentence and Count 2 are fully served.

- Counts 4 through 8 each run concurrently with Count 3, meaning they also cannot begin until both the federal sentence and Count 2 are completed.

The critical point is this: because Count 1 is the anchor of the entire structure—and Count 1 itself cannot begin until the federal sentence is completed—every other state sentence is, directly or indirectly, delayed until the federal sentence ends.

Nothing in the judgments breaks this chain of alignment or directs concurrent service with the federal sentence. Accordingly, the judgments establish that all of the Petitioner's state sentences are aligned consecutively to the federal sentence, including those judgments that do not expressly reference it. The Petitioner's contrary argument is without merit.

### b. The Significance of the Felony Judgments' Silence

Second, the Petitioner argues that because the felony judgments do not expressly address alignment with his federal sentence, those sentences must be treated as concurrent with the federal sentence. We respectfully disagree.

Tennessee Rule of Criminal Procedure 32(c)(2)(B) establishes that any state sentence imposed while a defendant has an unserved federal sentence shall run

consecutively to that federal sentence. Concurrent service is permitted only when the trial court finds good cause and expressly so orders. Thus, concurrent service is not presumed from silence; it requires affirmative judicial findings. *See Henning v. Carlton*, No. E2007-01951-CCA-R3-HC, 2009 WL 304044, at *3-4 (Tenn. Crim. App. Feb. 9, 2009), *no perm. app. filed*.

Nothing in this record reflects that the trial court made any such findings. The judgments contain no order directing concurrent service with the federal sentence, and the record contains no findings of good cause supporting a departure from Rule 32(c)(2)(B). On the contrary, the Petitioner acknowledges that the trial court made no findings or statements regarding federal alignment. Under Rule 32(c)(2)(B), that silence leaves the Rule's mandatory consecutive alignment intact. *See Henning*, 2009 WL 304044, at *3-4.

### c.    Effect of the Pretrial Credit on Count 1

Having concluded that the judgments require consecutive alignment with the federal sentence, we turn to the Petitioner's argument that his sentences nevertheless expired by operation of pretrial jail credits. The Petitioner asserts that the trial court awarded more pretrial jail credit on Count 1 than the length of the misdemeanor sentence itself. According to the Petitioner, that credit caused Count 1 to expire immediately upon sentencing, which in turn caused the remaining sentences to begin running and expire no later than 2021. We respectfully disagree.

The function of pretrial credit is to reduce the time a defendant must serve after a sentence begins; it does not determine when the sentence commences. Under Tennessee law, a sentence starts on the day the defendant is taken into custody by the sheriff to serve it. *See* Tenn. Code Ann. § 40-23-101(a) (2025). Thus, even if the pretrial credit awarded in Count 1 fully satisfied that sentence, the sentence still could not begin until the Petitioner completed his federal sentence and entered state custody.

Because the Petitioner's federal sentence has not expired, his state sentences have not yet started. Indeed, the Petitioner acknowledges in his reply brief that his projected federal release date is in 2028. Accordingly, the Petitioner has failed to establish that his state sentences have expired or that he is unlawfully restrained beyond the expiration of a valid sentence. He is not entitled to habeas corpus relief on this ground.

### 3. The Trial Court's Alleged Failure to Make Consecutive-Sentencing Findings

Apart from his claim that the sentences have expired, the Petitioner separately argues that the trial court lacked authority to impose consecutive sentences because it failed to make the findings required by law. This claim fails for two independent reasons.

First, Tennessee Rule of Criminal Procedure 32(c)(2)(B) does not require findings to impose consecutive alignment with an unserved federal sentence. To the contrary, the Rule mandates consecutive alignment unless the trial court both finds good cause for concurrent service and expressly orders concurrent alignment. Thus, the absence of findings or an order of concurrent service does not invalidate the sentences; it leaves Rule 32(c)(2)(B)'s mandatory consecutive alignment in place.

Although the Petitioner relies on Rule 32(c)(1) and Tennessee Code Annotated section 40-35-115(b), that reliance is misplaced. Alignment with an unserved federal sentence is governed specifically by Rule 32(c)(2)(B), not by the more general provisions on which the Petitioner relies. *See, e.g.*, *State v. Robinson*, 676 S.W.3d 580, 585 (Tenn. 2023) ("If two statutes appear to be in conflict with one another, the more specific statute will govern over the more general statute."). Accordingly, the trial court was not required to make additional findings to impose consecutive alignment with the federal sentence.

Second, even assuming the trial court failed to make findings that were otherwise required, the asserted error would not entitle the Petitioner to habeas corpus relief. Habeas corpus relief is available only for fatal sentencing errors that render a judgment void or a sentence illegal. *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011), *superseded by rule on other grounds*, Tenn. R. Crim. P. 36.1. By contrast, alleged errors in sentencing methodology—including deficiencies in factual findings supporting consecutive sentencing—constitute appealable error and do not render a sentence void. *See State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015); *Cantrell*, 346 S.W.3d at 451.

This court has specifically recognized that an alleged failure to make findings supporting consecutive sentencing presents, at most, an appealable sentencing error rather than a fatal sentencing defect cognizable in habeas corpus proceedings. *See State v. Moses*, No. W2019-01219-CCA-R3-CD, 2020 WL 4187317, at *4 (Tenn. Crim. App. July 20, 2020) (citing *Cantrell*, 346 S.W.3d at 454-55; *Williams v. State*, No. 01C01-9506-CR-00190, 1996 WL 233982, at *5 (Tenn. Crim. App. May 9, 1996)), *perm. app. denied* (Tenn. Dec. 4, 2020). Accordingly, even if the Petitioner could establish a deficiency in the trial

court's findings, the alleged error would not render the judgments void or entitle him to habeas corpus relief.

## CONCLUSION

In summary, we hold that the Petitioner has failed to demonstrate that his sentences have expired and that the trial court lacked the authority to impose consecutive sentences. Accordingly, we respectfully affirm the judgment of the habeas corpus court.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE